ADELAIDE FAYMAN ROSENTHAL, Plaintiff, *v.* LAWYERS COUNTY
TRUST COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District,
October 18, 1935.

*Siegeltuch, Butler & Kraft* [*Isidore Siegeltuch* of counsel], for the
plaintiff.

*Dean, King, Smith & Taylor* [*George M. Welch* of counsel], for
the defendant.

LEWIS (DAVID C.), J. The plaintiff, the beneficiary (party of
the third part), seeks to recover from the defendant, the trustee
(party of the second part), an alleged balance of $275 claimed to
be due out of a trust fund in the original sum of $15,000, created by
one Dunbar A. Rosenthal, the settlor (party of the first part).

The trust agreement expressly authorized the defendant, as the
trustee, to pay " the expenses " of the trust out of the trust fund.
It further provided that " the party of the second part shall be
entitled to receive as compensation for its services herein the com-
mission allowed trustees."

The defendant charged the trust estate with certain disbursements for lawyers' services rendered to it by its attorneys.

If these charges were necessary or proper, and authorized, and were not covered by the commissions allowed to the trustee, the plaintiff has no cause of action. If these charges are to be treated as moneys paid by the defendant to its ordinary employees in the regular course of the administration of the trust, then the defendant should have paid them out of its commissions and the plaintiff can recover. For such ordinary administrative services constitute the very work for which the defendant trustee received commissions. And the defendant, a corporate trustee, could only perform such services through its employees.

Before passing on any other proposition, the question of the capacity of this defendant to perform the services involved presents itself.

The ordinary business corporation cannot act as a trustee. Only corporations chartered as trust companies, and expressly authorized to act in such capacity, can serve as trustees. And in such cases, though some of the services required may invade the practice of law, if they are necessarily incident to the proper execution of the trust, they may be sanctioned. (*Land Title Abstract & Trust Co. v. Dworken*, 129 Ohio, 23; 193 N. E. 650.) Reference should also be had to the New York citations specifically stressed in the opinion of the Ohio Supreme Court (*supra*). But the seeming necessity for the sanction of such incidental special powers cannot be converted into a license for further corporate infringement upon the exclusive right of the individual to practice law, and no court is willing to invite further encroachments.

These particular charges covered fees for lawyers' services in protecting the trust estate against attacks by way of certain supplementary proceedings; and also for the defense to an action instituted by the trustee in bankruptcy of the plaintiff, seeking to reach alleged surplus income of this beneficiary from the trust estate.

The determination of the right of a judgment creditor of the beneficiary to reach the trust funds is the determination of a question of law. It demands the services of an attorney. The defense of an action at law can only be undertaken by a lawyer. No corporate entity can perform these services. Such services cannot be classed as incidental to the performance of the authorized functions of the corporate trustee.

If we were to read into the trust agreement an obligation by the defendant to perform these legal services, it would make the contract illegal. Such an interpretation would be forced and false. Yet, unless such a construction be had, it could not be held that the provision for commissions was to cover the fees the trustees paid attorneys for these services.

From the facts presented, attorneys' services were absolutely necessary. The defendant lacked the power to perform them. It was compelled to engage lawyers. The query then is: Was it authorized to do so?

The right of a trustee to secure legal advice and attorneys' services and expend a reasonable sum for such purposes cannot be seriously challenged. The policy of our law is further indicated in the express provisions of the Surrogate's Court Act (section 285): " such compensation for such legal services as shall appear to the surrogate to be just and reasonable; *and in addition thereto* the surrogate must allow to such executor, administrator, guardian or testamentary trustee for his services in such official capacity, and if there be more than one, apportion among them according to the services rendered by them respectively." (The fees provided by the section.)

" If the action above referred to had been prosecuted in the name of Mr. Woodruff as trustee, there could have been no question made but that he would have been entitled to an allowance for his costs, counsel fees and expenses in prosecuting such action." (*Woodruff* v. *N. Y., L. E. & W. R. R. Co.,* 129 N. Y. 27, at p. 33.)

" In 1914 the law was changed by permitting payment in the first instance out of the funds of the estate, subject always, however, to like restriction as to amount. (Surr. Ct. Act, § 222, formerly Code Civ. Proc. § 2692.) Later, in 1923, the remedy was extended so as to permit the liquidation of such expenses in an independent proceeding apart from an accounting, and at the instance of the attorney if the representative declined to move. (Surr. Ct. Act, § 231-a.) * * * The administratrix, therefore, was acting within her rights if she disbursed the moneys of the estate for reasonable and necessary expenses, though in advance of her accounting. She took the risk, however, that a surcharge would follow if the expenses were disallowed as improper or excessive." (*Matter of Gilman,* 251 N. Y. 265.) (See, also *Downing* v. *Marshall,* 37 N. Y. 380, at p. 389.)

The engagement of attorneys for these services was within the authority of the defendant as a trustee. Out of their employment there arose the obligation to pay reasonable fees for services rendered. Therefore, these items were correctly chargeable against the funds of the trust as additional disbursements and were not covered by the stipulated commissions.

Judgment for the defendant.