No. 13,583.

PEOPLE EX REL. COMMITTEE ON GRIEVANCES OF THE COLORADO BAR ASSOCIATION *v.* DENVER CLEARING HOUSE BANKS.
(59 P. [2d] 468)

Decided June 29, 1936.

Mr. Max D. Melville, for complainant.

Mr. Henry McAllister, for respondents.

*En Banc.*

Mr. Justice Burke, sitting for Mr. Chief Justice Campbell, delivered the opinion of the court.

Complainants are hereinafter referred to as the committee, and respondents as the banks, or as the Colorado, the International, the Denver, the United States, and the American, respectively. The committee says the banks are practicing law and the banks deny the charge.

Originally one Walker charged the Colorado and its trust officer that through said officer, but as the corporation, it drafted a will, probated it and administered trust estates thereby created. This complaint was referred to the committee with directions to ''give the matters there-

in set forth thorough and careful consideration and report fully its findings in the premises.''

''Matters,'' said the court, ''is intended to cover the entire subject, irrespective of how limited the issues in the particular case might be.'' The Colorado denied receiving compensation for drafting the questioned will, otherwise it admitted. The committee sent questionnaires to the banks and these were answered. A hearing before the committee followed at which the banks were represented by counsel. The matter was submitted on printed briefs, which, on request of counsel and by our order, later became the briefs now before us. The committee presented its majority report, and one of its members what may be termed a specially concurring report. We ordered these filed and authorized the committee to prosecute the charges before this court in its own name with Mr. Melville as its counsel. Oral argument followed and the cause was finally submitted. It will be observed that we thus have before us an agreed case in which the banks, save the Colorado, voluntarily appeared.

██ At the time this matter was referred to the committee it was contemplated that it might be necessary or advisable, if it proceeded to final hearing before us, either to hand down an opinion which would cover a very broad field, or adopt a rule which would serve the same purpose. Various considerations have, however, obviated that necessity. Among these may be noted that it is alleged herein and not denied that the banks have administered no estates since September 1, 1929, without the services of an attorney outside their organization. It also appears, as a matter of common knowledge in banking and legal circles, hence noticeable judicially in a proceeding such as this, that the banks and the Denver Bar Association have entered into an amicable agreement as to the respective fields of lawyers and trust companies. While such an agreement is in no respect binding upon the courts, nor conclusive as to what is or is not ''practicing law,'' it raises the strongest presumption that in

general no present cause of complaint against the banks with respect to minor and collateral matters now exists. Two points, however, are presented the adjudication of which seems indispensable to a final disposition of this proceeding. The committee reports, and we think the evidence before it supports the conclusion, that the banks *as a practice* (1) have drafted wills wherein they were named as executors or trustees, and given legal advice to the testators with respect thereto; (2) have drawn living trust indentures and life insurance trust agreements in which they were named as trustees, and given legal advice to the executors of such documents; in both classes of cases without testator or executor having independent legal advice.

Before disposing of the questions thus presented we make one brief observation on the facts and restate one admitted and governing proposition of law.

The questioned acts of the banks have been performed by their trust officers. These officers are regular salaried employes, integral and essential parts of the bank's organization, generally members of the bar but practically limited, by custom or contract, to the bank's business, hence in all their acts on behalf of the corporation as much a part of it as its president or cashier.

Corporations can not practice law. "Practice of the law" is not limited to practice before the courts. 2 R. C. L., p. 938, §4. But under all attempted definitions it includes the drafting of documents which of necessity must be presented to, and their legality passed upon by, the courts.

1. We think the drawing of wills, as a practice, is the practice of law, and this for three reasons: First, because of the profound legal knowledge necessary for one who makes a practice of this work; second, because all these instruments, before they become effective, must be filed in and administered by a court; and third, because what we consider the weight of authority so holds. *People ex rel. v. Peoples Stockyards State Bank*, 344 Ill.

462, 176 N. E. 902; *Will of Maresh,* 177 Wis. 194, 198, 187 N. W. 1009; *People v. Peoples Trust Co.,* 180 App. Div. 494, 167 N. Y. Supp 767; *In Re Eastern Idaho Loan & Trust Co.,* 49 Idaho 280, 288 Pac. 157.

2. In our opinion the practice of drafting living trust indentures and life insurance trust agreements, and giving legal advice to executors of such documents, is likewise "the practice of law"; but for reasons hereinafter appearing it is unnecessary to elaborate this ruling.

Since the record before us discloses no desire to mulct the banks in damages and discloses no wish to do more than settle the law and establish the correct practice, and finding the banks have in some instances, technically and doubtless unintentionally, overstepped the bounds here established, we adjudge them to pay the costs of this proceeding.

▮ That the foregoing questions, and others collaterally involved herein, may be the more effectively placed before the profession in this jurisdiction and similar controversies avoided in the future we have this day adopted the following rule, effective September 1, 1936: " 'Practicing law', forbidden to persons not thereto duly licensed, is not limited to practice before the courts. Corporations shall not practice law. The practice of drafting wills, living trust indentures and life insurance trust agreements is the practice of law and counsel for executors and trustees named therein may not act as counsel for their testators or creators."

It should be added that those portions of the foregoing rule dealing with practice complained of in this proceeding are covered by the agreement heretofore referred to between the banks and the Denver Bar Association. So that the rule fixes no limits on the activities of the banks save such as they have already fixed by their contract. It is of course immaterial that the contract stipulates that its execution is no admission on the part of the banks that the acts from which it therein agrees to refrain constitute the practice of law.

Mr. Justice Bouck, desiring time to examine the record more thoroughly, is not ready to vote, and he may file a separate opinion when he has reached a conclusion.*

*Note. No petition for rehearing having been filed and the decision having thus become final, Mr. Justice Bouck chose not to participate.