No. 16,215.

PEOPLE EX REL. ZIMMERMAN *v.* FLANDERS.
(212 P. [2d] 502)

Decided November. 28, 1949.

Mr. JOHN W. METZGER, Attorney General, Mr. ALLEN

Moore, Deputy, Mr. Frank A. Wachob, Assistant, Mr. Robert Bugdanowitz, Mr. Vincent Cristiano, Assistant, for relator.

Mr. John W. Elwell, Mr. Matt J. Kikel, for respondent.

*En Banc.*

Per Curiam.

On March 8, 1949, the Attorney General invoked the original jurisdiction of this court by filing a complaint alleging that the respondent, Milo J. Flanders, is not, and never has been, an attorney at law admitted to practice in Colorado; that the said respondent, upon divers and sundry occasions, visited inmates committed to the Colorado State Hospital; that he counseled and advised them and represented to them that for a fee he could obtain their release from said institution; that by direct statement or by suggestion, he conveyed the impression to said inmates that he was a lawyer duly qualified to represent them.

The complaint specifically alleges that as a result of such representations the respondent was employed as an attorney to effect the release of John Scheneman, John L. Latch and William Igoe, and that he received a fee from each of said persons for the legal services which he is alleged to have agreed to render. It further is alleged that respondent solicited the payment of a fee for legal services to be rendered by him in securing the release of one Earnest E. Francis from the said hospital, Francis being an inmate or patient therein.

Citation issued upon the filing of the complaint, commanding respondent to show cause why he should not be punished for contempt of court in holding himself out as an attorney at law. The respondent filed his answer in which he specifically denied that, "He ever

represented to any one at any time or place that he was a lawyer or attorney at law or that he ever solicited or receives fees from anyone upon the pretence that he was an attorney at law."

By action of this court, O. Otto Moore, one of the justices, was appointed master for the purpose of hearing evidence upon the issues thus tendered. Evidence was taken, a transcript of which was prepared and is on file with the clerk of this court together with briefs which were submitted by counsel representing the parties. The master found that the evidence submitted sustained the allegations of the complaint.

The question for determination is: *Does the record disclose a violation by the respondent of section 21, chapter 14, '35 C.S.A.?* This section provides: "Any person who shall, without having a license from the supreme court of this state so to do, advertise, represent or hold himself out in any manner as an attorney, attorney at law, or counselor at law, or who shall appear in any court of record in this state to conduct a suit, action, proceeding, or cause for another person, shall be deemed guilty of contempt of the supreme court of this state and of the court in which said person shall so appear and shall be punished therefor according to law; * * *"

Without attempting to relate in particular the evidence which sustains the findings of the master, much of which is set forth in detail in his report, it is sufficient here to state that a considerable portion of respondent's time has been devoted to consulting with inmates of Colorado State Hospital, investigations of the legal proceedings resulting in their commitment to the institution, and advice and activities designed to bring about a release of the patients from further detention at the said hospital. The inherent character of the admitted conduct of respondent and all the attendant circumstances, unquestionably involve the practice of law, and show the doing, as a practice or business, of acts which

28

when performed by a lawyer constitute practicing his profession.

In *People ex rel. v. Denver Banks,* 99 Colo. 50, 59 P. (2d) 468, it is said: "We think the drawing of wills, *as a practice,* is the practice of law." (Italics supplied)

In *People ex rel. v. Jersin,* 101 Colo. 406, 74 P. (2d) 668, the respondent was absolved from contempt of court where he admitted that on one occasion he had drawn deeds and a will at the request of an intimate friend who was ill. We there stated:

"There is a twilight zone, and of necessity must be, where the question of whether acts done are a contempt of the court as involving a practice of law are to be judged by the surrounding circumstances and not by the inherent character of the acts themselves."

\* \* \*

"It does not follow from the foregoing that the court has no power to punish a layman who assumes to exercise the function and privileges of a duly licensed lawyer. The court is intrusted with the duty of passing upon the qualifications and fitness of men to practice as attorneys at law, and is empowered to license those who apply and are found to possess the necessary qualifications, and to deny a license to those who are found wanting in this respect. One who would practice law owes a duty to the court to apply for the privilege and to submit evidence of his fitness and qualifications. If he makes a *practice* or *business* of exercising the privileges conferred upon attorneys by license without the required application and without due authorization by the court, such conduct is evidence of his disregard of, and contempt for, the court's authority to administer the law and admit persons to the practice of the profession."

The language above quoted is applicable to this case.

It is accordingly adjudged that the respondent is guilty of contempt of this court, and it is ordered that he pay the costs of this proceeding; that he be confined

in the county jail of Pueblo county for sixty days, or, in the alternative, that he pay into the registry of this court a fine of $500.00, and that mittimus issue accordingly.