STATE EX REL. GARY BAR ASSOCIATION, ETC. ET AL. *v.*
DUDAK, JUSTICE OF PEACE, ETC.

[No. 29,286. Filed June 23, 1955.]

*George Cohan, George W. Hulbert, Alvin A. G. Rochau,* of Gary, and *Edwin K. Steers,* Attorney General for relators.

*Spangler, Jennings & Spangler,* of Gary, for respondent.

ARTERBURN, J.—This is an original proceeding for an injunction invoking the jurisdiction of this court to issue restraining orders and injunctions in all cases involving unauthorized practice of law under Chapter 143, Acts 1951, and under the rules and regulations adopted by this court with respect to that matter. The relators filed their petition herein on the 25th day of April, 1955, alleging in substance that respondent, Paul Dudak, is the duly elected, qualified and acting Justice of Peace for and within Calumet Township, Lake County, Indiana, and as such official is allowed a salary of $4200 per year designated by statute to be in lieu of all fees collected by said Justice of Peace. §5-108, Burns' 1946 Replacement. The petition further alleges that the respondent is not admitted to practice law in Indiana

and alleges specific instances, since his election and while acting as such Justice of Peace, wherein he has been engaged in the unlawful practice of law, soliciting claims to be filed in his court, acting as attorney for plaintiffs before and after the. claims were filed and in the collection of same, charging a contingent fee up to 25% on such amounts collected.

The respondent, Justice of Peace, admits he is not an attorney duly authorized to practice law and admits substantially all the allegations except the solicitation of such claims by him. He states he "did receive a contingent percentage of the amount received" as to certain instances specified in the petition. In answer to a charge that "he accepted accounts for collection on a 25% contingent fee basis," he further states "that said allegations are basically true except" that since said acts were brought to his attention an attorney has been employed for such purposes by the creditors. The respondent further denies that such collection proceedings were "carried on in a manner repugnant to the ordinary concept of justice."

The earliest concept of justice included the proposition that no one shall sit in judgment of his own case or one in which he has a pecuniary or other personal interest. Lord Coke, as early as 1531, defied the King and struck down an act of Parliament which would have permitted a College of Physicians to sit in judgment on those charged with illegal practice of medicine, and to collect and keep for themselves the fines and judgments decreed against the accused. 8 Coke 113b, 77 Eng. Rep. 646, 652. Chief Justice Taft expressed a like opinion of the United States Supreme Court on this matter in *Tumey* v. *State of Ohio* (1927), 273 U. S. 510, 71 L. Ed. 749, 47 Sup. Ct. 437. A very fine review of this case and Indiana cases on this subject is found in

10 Ind. L. J. p. 320. The statement is there made that "the office of Justice of Peace has come down to us through the ages and has often been designated as the 'poor man's court'." Certainly, the poor man is as much entitled to an impartial and· disinterested judge as any other litigant. The conduct of the courts of this state is a matter of concern to this court. To us, the conduct of any judicial proceeding in which a judge has a pecuniary or other personal interest is certainly repugnant to the ordinary concepts of justice. The same principles of justice apply alike to the lowest court of this state as well as the highest. No man should sit as judge of his own case or one in which he has a vital personal interest in the outcome.

What has been said thus far is involved with the main object of this proceeding—a prevention of the unauthorized practice of law. The practice of law by unlicensed and unqualified persons is a matter of grave concern to this court. Before one is qualified to practice law in this state, he must undergo a long, expensive and arduous period of study and training. The respondent has in his response admitted that he is engaged in the unauthorized practice of law in addition to violating a canon of judicial ethics. We find that he has acted as attorney for businessmen and corporations, counseling them, preparing pleadings and papers for them, making collections on judgments rendered in his court, including garnishment proceedings against wage earners and charging a contingent fee for such various extra services.

The statutes of this state (§5-313, Burns' 1946. Replacement) prohibits a Justice of Peace from acting as agent or attorney in matters before him as a Justice of Peace. He asks that no formal restraining order and injunction be issued for the

reason that he has ceased and desisted from such unauthorized practice of the law. Such cessation is not a sufficient mitigating fact to warrant the granting of such prayer. A permanent injunction should issue enjoining the respondent from engaging in the unauthorized practice of law and accepting and collecting contingent fees for such extra services as complained of herein.

This court has entered a decree and order permanently enjoining respondent accordingly.

Emmert, C. J., Bobbitt, Achor and Landis, JJ., concur.

NOTE.—Reported in 127 N. E. 2d 522.