STATE EX REL. INDIANA STATE BAR ASSOCIATION
v. OSBORNE.

[No. 30,027. Filed February 28, 1961.]

---

*Frederick R. Franklin,* of Indianapolis, for relator.

ARTERBURN, J.—This original action is brought by the relator, The Indiana State Bar Association, pursuant to Rule 3-26 of the Rules of the Supreme Court of Indiana. That rule authorizes The Indiana State Bar Association to bring original actions, without leave of court, to restrain or enjoin the unauthorized practice of law in this state.

The respondent, Harry Dale Osborne, operates the Osborne Insurance Agency in Fort Wayne, Indiana. He has not been admitted to the practice of law before the Supreme Court of Indiana or the Circuit Court of the county in which he resides.

The acts of respondent constituting the alleged unauthorized practice of law consist of his preparing and drafting for a fee, documents purporting to be legal and valid wills.

Respondent has a sign outside his place of business at 3202 Miller Road, Fort Wayne, Indiana, advertising "Wills-Mortgages-Secretarial-Notary Public-Bookkeeping-Public Auditor-Income Taxes."

On December 10, 1959 respondent prepared a document entitled "Last Will and Testament of Viola F. Moore, Fort Wayne, Indiana" for Mrs. Ray Moore (now deceased). Respondent demanded and was paid $7.50 for this document, after telling Mrs. Moore that it was a valid will. However, the document was not witnessed in accordance with the laws of the State of Indiana; it was merely notarized by respondent. Mrs. Moore died intestate as a result of having relied upon the representations of, and the document prepared by respondent.

Also on December 10, 1959 respondent prepared a document entitled "Last Will and Testament of Ray Moore, Ft. Wayne, Indiana" for Mr. Ray Moore. Respondent demanded and was paid $7.50 for this document, after having assured Mr. Moore that it was a valid will. However, it was not a will, having merely been notarized instead of being witnessed in accordance with the laws of Indiana. Because of respondent's conduct, Mr. Moore believed he and his wife had valid wills until he learned otherwise after his wife's death.

Relator alleges that the soliciting of the business of drafting and writing wills, and the actual drafting of wills by respondent, other than his own, should be enjoined. Relator asserts that the giving of advice as to the proper form of a will and the preparation of a will for another person for a valuable consideration constitute the practice of law. Relator further asserts that the soliciting of the business of preparing wills is highly unethical, and that the preparing of wills by an untrained person results in a detriment to the public.

The respondent has filed a return stating that he does not contest the allegations made.

The preparation and drafting of a will and the giving of advice as to the contents and legal effect of a will

is the practice of law. *Fink* v. *Peden* (1938), 214 Ind. 584, 17 N. E. 2d 95; *Eley* v. *Miller* (1893), 7 Ind. App. 529, 34 N. E. 836; *State ex rel. Gary Bar Assn., etc.* v. *Dudak, etc.* (1955), 234 Ind. 413, 127 N. E. 2d 522; *Ark. Bar Assn.* v. *Union National Bank* (1954), 224 Ark. 48, 273 S. W. 2d 408; *People ex rel.* v. *Denver Banks* (1936), 99 Colo. 50, 59 P. 2d 468. As in the instant case, the public, far more than the lawyers, suffers injury from the unauthorized practice of law. The interest of the general public is better served if persons not qualified to practice law in Indiana are prohibited and prevented from doing so.

This court, on October 27, 1960, issued an order against the respondent to show cause why he should not be permanently enjoined and restrained from soliciting the drafting of wills, from preparing wills other than his own, from advising and counseling persons as to the contents of a will and from engaging in the practice of law in any manner unless and until he is duly admitted to the practice of law by this court.

This court finds that due cause exists for the issuance of an injunction, and the same is now issued, permanently enjoining the respondent accordingly.

Bobbitt, C. J., Landis, Achor and Jackson, JJ., concur.

NOTE.—Reported in 172 N. E. 2d 434.