Bell, J.
The question herein is presented to the court by two petitions in mandamus filed by the relator, an attorney at law licensed to practice by the Supreme Court of Ohio, and demurrers thereto filed by the respondent, the Secretary of State of Ohio. Although the two petitions raise several related questions, the view we have taken of the principal question involved makes it unnecessary to discuss any except this: Is the relator, by virtue of Chapter 1785, Eevised Code, entitled to a writ of . mandamus requiring the Secretary of State to accept for filing articles of incorporation for the formation of a corporation to engage in the practice of law in Ohio?
Sections 1785.01 to 1785.08, inclusive, Eevised Code, became effective on October 17, 1961. Those sections provide, in substance, that a lawyer or group of lawyers, as well as certain other designated persons engaged in performing services pursuant to a license, may organize and become a shareholder or shareholders of a professional organization and may incorporate in the manner provided by the laws of Ohio for the purpose of rendering professional services.
*115 Pursuant to this statutory authorization, the relator attempted to form two corporations for the purpose of engaging in the practice of law. When he tendered articles of incorporation therefor to the respondent for filing, the latter refused to accept them. The two mandamus actions were subsequently instituted in this court.
Several very thorough and helpful briefs were filed by interested bar associations in Ohio. From these briefs it is obvious that so far as members of the bar are concerned the idea of the practice of law within a corporate structure is an emotional thing. It is much like “cats, olives and Roosevelt”; it is either enthusiastically embraced or resolutely rejected.
The admission to the practice of law is inherent in the judicial branch of government, and the admission procedure in Ohio is determined by this court, both as a result of its inherent power and by virtue of statute (Section 4705.01, Revised Code). In re Thatcher, 80 Ohio St., 492; Judd v. City Trust & Savings Bank, 133 Ohio St., 81; In re McBride, 164 Ohio St., 419; Cleveland Bar Association v. Pleasant, 167 Ohio St., 325; Mahoning County Bar Association v. Franko, 168 Ohio St., 17.
The inherent power of this court to prescribe standards for admission to the practice of law has been implemented by the adoption of Rule XIV of its Rules of Practice. By no stretch of the imagination can the words of Rule XIV be expanded to include any other than natural persons. And until such time as this court, through its rules for admission to the practice of law, recognizes the right of a corporate entity to practice law, the Secretary of State is under no clear duty to accept for fibug and record articles of incorporation which set forth that a purpose of the corporate entity is to “practice law.”
Accordingly, the demurrers to the petitions are sustained and the writs of mandamus are denied.

Demurrers sustained and writs denied.

Weygandt, C. J., Zimmerman, Taet, Matthias, Radcliee and O’Neill, JJ., concur.
Radcliee, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.