STERN *v*. STATE BOARD OF LAW EXAMINERS ET AL.

[No. 30,577. Filed July 10, 1964.]

*Briggs, Berner, Sommer & Tinkham,* of Indianapolis, for petitioner.

MYERS, J.—This is an original action commenced in this court by one Stuart I. Stern (formerly known as Isidore Stern) against the State Board of Law Examiners, naming each member individually, and Helena Nichols (the Secretary to such Board). Jurisdiction is asserted by virtue of the Acts of the Indiana General Assembly of 1931 as amended in 1951, being ch. 143, §1, p. 382, of the Acts of 1951, and known as Burns' Ind. Stat., §4-3605, 1946 Replacement (Supp.), which reads as follows:

"That the supreme court of this state shall have exclusive jurisdiction to admit attorneys to practice law in all courts of the state and exclusive jurisdiction to issue restraining orders and injunctions in all cases involving the unauthorized practice of the law under such rules and regulations as it may prescribe."

Petitioner seeks a review of a final determination by the State Board of Law Examiners (hereinafter referred to as the "Board") rendered on or about March 30, 1964, denying petitioner's application for admission to the Bar on the basis of a foreign license. The jurisdiction of this court is based upon Supreme Court Rule 3-13A, which reads as follows:

"Any applicant aggrieved by the final action of the state board of law examiners, in refusing to recommend to the Supreme Court of Indiana the admission or reinstatement of the applicant to practice law in Indiana under Rules 3-5, 3-8 and 3-12, may, within twenty (20) days of such final determination by the board, file a petition with the Supreme Court of Indiana requesting review by this Court of such final determination, and setting forth specifically therein the reasons, in fact or law, assigned as error in the board's determination, and the Court may order further consideration of the application, in which event the state board of law examiners shall promptly transmit

to the Court the complete file relating to such applicant and his application, including the transcript of the record of any hearing held by the state board of law examiners relating thereto, and the Court shall enter such order as in its judgment is proper, which shall thereupon become final." Adopted and effective March 10, 1953.

Petitioner was a resident of New York City, in the State of New York, on or about November, 1963, when he moved to Indianapolis and took up residence there. He alleges in his petition that on or about December 30, 1963, he filed his Application for Admission to the Bar of the State of Indiana on the Basis of a Foreign License, pursuant to Supreme Court Rule 3-5. This rule reads, in pertinent part, as follows:

"Any person who has been admitted to practice law in the highest Court in any other state or territory or the District of Columbia of the United States, or in another country whose jurisprudence is based upon the principles of English common law, may be admitted to practice law in this state upon making proof satisfactory to the state board of law examiners as to the following requirements:

"a. That the applicant is at least twenty-one (21) years of age, is a bona fide resident voter of the State of Indiana and is a person of good moral character.

"b. That he is a member in good standing of the bar of the court of his admission.

"c. That he has actually engaged in the practice of law for a period of at least five (5) years of the seven (7) years immediately preceding the date of the filing of his application, and that if admitted in the State of Indiana, he intends to engage in the practice of law therein.

"d. In the event the applicant was admitted to the bar in the foreign jurisdiction prior to the 13th day of June, 1936, and was graduated from an organized law school, or in the event the applicant was admitted to the bar in a for-

eign jurisdiction on or subsequent to June 13, 1936, that he could have, at the time of such admission, satisfied the educational requirements set forth in these rules as to applicants for admission upon examination. Provided, that if the law school of which he is a graduate was not at the time of his graduation on the approved list of the council of legal education and admissions to the bar of the American Bar Association, the state board of law examiners may in its discretion substitute for said requirement such examination of the applicant as the board may deem necessary.

"Provided, however, that in the event the foreign jurisdiction, or one of them, from which the applicant seeks admission, requires, as of the date of the filing of his application in this state, higher or greater educational or residence qualifications for admission in such foreign jurisdiction on the basis of a foreign license than those set forth in this rule, then the applicant shall be required to conform to such higher educational and residence qualifications in reference to his application for admission to the bar in Indiana.

"e. That he file with the state board of law examiners a 'Judge's Certificate of Practice Upon Foreign License' (Form A-4 to be provided by the board).

"f. That the admission of the applicant shall be in the public interest.

"g. That his admission be moved in writing by a member of the bar of this Court, who shall show that the applicant is a citizen of the United States, a person of good moral character, and that he is a bona fide resident voter of this state.

"h. That it is his intention to engage as a vocation in the practice of law in the State of Indiana and to enter thereon within two (2) years after his admission, excluding any period of service in the armed forces of the United States."

The petition was referred to the Board, which held a hearing on March 19, 1964, where petitioner appeared in person. On March 30, 1964, petitioner was notified that the Board had denied his application on the ground that he had not complied with the requirements of Rule 3-5c. Petitioner claims that this determination was contrary to fact and law in that for the period of seven years preceding the filing of his application he had handled for and on behalf of Curtain Corporation of America, a New York corporation employing over one hundred employees, "all of its contracts, arbitrations, collections, labor relations, closings of real estate, landlord and tenant matters, leases, formation of corporations and partnerships, mergers, acquisitions, summons, complaints, answers, bills of particulars, examinations before trial, and preparation of cases for trial."

In an affidavit filed with this petition, it is stated that petitioner was president and one of two stockholders of Curtain Corporation of America from 1946 to March, 1961, and served as house counsel therein; that during this period he was also counsel to Best Curtain Company, a partnership, in which he was a partner, representing the manufacturing arm of the business; that he also was a partner in Best Realty Company and acted as counsel to it; that he had other clients, such as friends and relatives, to whom he gave advice and for whom he drew legal documents, "often without compensation"; that in March, 1961, he sold his stock in Curtain Corporation of America; that from May, 1961, to July, 1962, he was a partner in a real estate investment business and was house counsel for it; that from July, 1962, to April, 1963, he was a partner in Realty Associates of America, serving as legal counsel therein; that during this period he acquired a large apartment complex in Baltimore, Maryland, of which

he is still supervisory manager as well as trustee and co-owner; that he syndicated and sold a shopping center, a leasehold in Pelham, New York, and an apartment house in the Bronx, New York.

Petitioner further states that he used stationery during this period of time with the following letterheads:

"Isidore Stern
Attorney at Law
261 Fifth Avenue
New York 16, New York
Murray Hill 6-2036-7"

"Isidore Stern
Counsellor at Law
521 Fifth Avenue
Suite 1208-9
New York 17, N. Y.
Ox 7-1740-1"

that his name was listed in the telephone book as an attorney; that his name appeared on the directory of the building as an attorney; that certain named persons could attest that he actively engaged in the practice of law; that his income tax return for the year 1963 would show that he earned approximately $3,000 as legal fees.

It is further stated that since coming to Indianapolis on December 1, 1963, he entered into a contract to purchase a substantial piece of real estate on behalf of himself and associates for the purpose of improvement; that he frequently is negotiating for various other properties for himself and his associates; that at the present time he is established in a real estate office at 3436 East 38th Street, Indianapolis, Indiana.

Petitioner says in his affidavit:

"I intend to engage in the real estate business in Indianapolis and to practice law in connection therewith if I am admitted. I find my not being admitted to the Bar of the the State of Indiana, is a handicap which I would very much like to surmount. My real estate holdings provide me with some financial security and I would like to devote more of my time to public service and I believe my admission to the Bar of the State of Indiana would aid me in this work."

The Board, through its Secretary, notified petitioner as of April 16, 1964, that, after due consideration of his application, the following resolution was adopted by the Board:

> "RESOLVED, that the application of STUART I. STERN for admission on foreign license, from the State of New York, be denied, on the ground that he has not shown to the satisfaction of the Board that he has engaged in the practice of law for five (5) of the last seven (7) years, as required by Rule 3-5c of the Rules of the Supreme Court of Indiana for Admission to the Bar and Concerning Attorneys."

In a brief accompanying the petition, it is argued that it is not necessary for an attorney to actually engage in the handling of trials or to take part in litigation in order to be engaged in the practice of law, but that the preparation of various legal instruments and documents and handling matters such as the drafting of wills, together with giving advice, may constitute the practice of law. The following are cited as authorities: *State* v. *Indiana Real Estate Association, Inc.* (1963), 244 Ind. 214, 191 N. E. 2d 711; *State ex rel. Gary Bar Assn., etc.* v. *Dudak, etc.* (1955), 234 Ind. 413, 127 N. E. 2d 522; *State ex rel. Ind. State Bar Assn.* v. *Osborne* (1961), 241 Ind. 375, 172 N. E. 2d 434; *Fink* v. *Peden* (1938), 214 Ind. 584, 17 N. E. 2d 95; *Eley* v. *Miller* (1893), 7 Ind. App. 529, 34 N. E. 836; 5 Am. Jur., *Attorneys at Law*, §3, pp. 262, 263. Petitioner also cites the following passage from 7 C. J. S., *Attorney and Client*, §3g., pp. 703, 704:

> "The general meaning of the term, 'practice law' or 'practice of law,' is of common knowledge, although the boundaries of its definition may be indefinite as to some transactions. As generally understood, it is the doing or performing of services in a court of justice, in any matter depending

therein, throughout its various stages, and in conformity with the adopted rules of procedure; but it is not confined to performing services in an action or proceeding pending in courts of justice, and, in a larger sense, it includes legal advice and counsel, and the preparation of legal instruments and contracts by which legal rights are secured, although such matters may or may not be depending in a court. To 'practice law' is to carry on the business of an attorney at law; to do or practice that which an attorney or counselor at law is authorized to do and practice; to exercise the calling or profession of the law; usually for the purpose of gaining a livelihood, or at least for gain; to make it one's business to act for, and by the warrant of, others in legal formalities, negotiations, or proceedings."

We are entirely in accord with the authorities which petitioner has cited. There are many other facets to the practice of law than the mere engaging in litigation and appearing in court.

Upon making proper application and on meeting all the other requirements for admission to the Bar of Indiana (Supreme Court Rule 3-1 et seq.), petitioner could take the bar examination and, if successful, be admitted to the practice of law in Indiana by this court. Under such circumstances, it would be entirely within his prerogative as to whether he would actively engage in the practice of law. He could make it a side line or let his license to practice law lie dormant for as long a period as he chose.

However, the same cannot be said when one appears before this court from a foreign jurisdiction and seeks to be admitted to the bar of this state without going through the prerequisite of a bar examination and other requirements provided by rule. This court can refuse to grant a license to practice law in this state to one who comes from another state if,

for instance, it determines the applicant is "rusty," incompetent, or actually does not wish to practice law for a livelihood, but only incidentally. It is to be noted that petitioner's quotation from 7 C. J. S., *supra*, says as follows:

"To *'practice law' is* . . . *to exercise the calling or profession of the law, usually for the purpose of gaining a livelihood, or at least for gain; to make it one's business to act for, and by the warrant of, others in legal formalities, negotiations, or proceedings.*" (Our emphasis.)

From what petitioner has set forth in his affidavit, it is apparent to us that his practice of law during the period of five of the seven years preceding the application was not for the purpose of gaining a livelihood or for gain, but was subordinate to his real estate business. This court interprets Rule 3-5c to mean that an out-of-state resident who wishes to practice law in Indiana must have been engaged in the practice of law previously on a substantial basis and motivated by the desire to earn a living from it. It is obvious to us from his own statement that petitioner is primarily interested in the real estate business both in Indianapolis and elsewhere. He says:

"I intend to engage in the real estate business in Indianapolis and to practice law in connection therewith if I am admitted."

His real estate business in New York, involving apartment houses, shopping centers and office buildings, makes his law business, at least for the year 1963, insignificant in that the most he can say he obtained from it was the sum of $3,000.

We, therefore, come to the conclusion that the Board had sufficient grounds upon which to deny petitioner the right to practice law in the State of Indiana on admission by foreign license.

A further reason to uphold the Board's ruling appears in the requirement of Rule 3-5e, that the petitioner must file a "Judge's Certificate of Practice Upon Foreign License." A copy of the Certificate made an Exhibit and attached to the Petition reveals that George J. Beldock, the Presiding Justice of the Appellate Division of the Supreme Court, Second Judicial Department, of the State of New York, states that he has "No knowledge of practice" by the petitioner in the Supreme Court of New York, which is the highest court of original jurisdiction in the state; that petitioner's good standing in that court is only "according to the records of this court," and that the Certificate is based only on "the records of this court," and not upon personal knowledge of the Judge. At most, this is an indefinite statement that petitioner was engaged in the practice of law in New York State.

Board's decision affirmed.

Achor, C. J., and Arterburn and Landis, JJ., concur. Jackson, J., concurs in result.

NOTE.—Reported in 199 N. E. 2d 850.