FRED A. RISSER, State Senator
You have requested my opinion on two questions:
 1. May a Chapter 180 corporation which complies with the requirements of Wis. Stats. 223.105 offer general trust services to the public?
 2. If the answer to No. 1 is yes, who is responsible for the regulation of such corporation activities.
The answer to your first question is no, a business corporation organized under chapter 180, Stats., cannot offer general trust services to the public regardless of its compliance with section223.105. Since the answer to this question is no, it is unnecessary to answer your second question.
The Legislature has provided for the organization and operation of trust companies in Wisconsin in chapter 223, entitled "Trust Company Banks." Chapter 223 requires the organization and regulation of trust companies in generally the same manner as state banks. Minimum capital requirements are established and an indemnity fund, to be deposited with the state treasurer, is required. Corporate powers are specifically enumerated as are detailed rules for the maintenance of trust funds and general business operations. Sec. 223.01, Stats., et seq.
It would be absurd to conclude that the Legislature intended to comprehensively regulate the operation of financial institutions charged with the public interest as trust companies in a specific chapter of the statutes (chapter 223) and yet allow a general business corporation, organized under chapter 180, to effectively operate a trust company free of all this regulation.
Section 180.03 provides: "Corporations may be organized under this chapter for any lawful business or purpose whatever, *Page 154 
except banking, insurance and building or operating public railroads, but subject always to provisions elsewhere in thestatutes relating to the organization of specified kinds orclasses of corporations." Obviously, chapter 223 relates to the organization of a specified kind of corporation, namely trust companies. Consequently, section 180.03 is no authority for the incorporation of a chapter 180 corporation to perform trust company services. Accord 18 C.J.S. Corporations § 47C (1939) (General enabling legislation does not authorize "the conduct of any business for the incorporation of which the legislature has otherwise specifically provided").
Trust companies "owe their existence to legislative acts, and can obtain the capacity and power to transact business only through compliance with the applicable state statutes relating to their incorporation and organization." 9 C.J.S. Banks and Banking
§ 1046 (1938). "Where express provision is made for the incorporation of . . . trust . . . companies they cannot be organized under the general corporation laws of the state . . . ." Id. at § 1046.
The case law uniformly precludes general business corporations from operating trust company businesses if not chartered under specific trust company legislation. Thus in Rosenthal v. LawyersCounty Trust Co., 156 Misc. 910, 282 N.Y.S. 868 (Mun. Ct. 1935), the court stated: "The ordinary business corporation cannot act as a trustee. Only corporations chartered as trust companies, and expressly authorized to act in such capacity, can serve as trustees." Accord 90 C.J.S. Trusts § 207 (1955). Likewise, general business corporations presuming to function as trust companies while not in compliance with specific state statutory requirements such as chapter 223 have been enjoined. MarionMortgage Co. v. State, 145 So. 222 (Fla. 1932); Hayden Plan Co.v. Wood, 97 Cal. App. 1, 275 P. 248 (1929); Fellows v. First Nat.Bank, 159 N.W. 335 (Mich 1916).
In Marion Mortgage Co., the defendant relied upon general corporation statutes to justify its trust company business. The *Page 155 
company's contention was rejected. "If defendant's contention is sound reasoning, then any corporation of this state can act as trustee and avoid the commands of the statute, and the statute becomes `as sounding brass or a tinkling cymbal.'" MarionMortgage Co., 145 So. at 224.
In Fellows, 159 N.W. at 338, the court stated:
 A corporation may exercise only those powers conferred upon it by its charter under the law of its organization. In authorizing certain corporations organized under the act in question to execute trusts and administer estates, the Legislature imposed very stringent conditions. It fixed a minimum capitalization, required the investment of a certain percentage of the capital in specified securities, and compelled the making of a fixed deposit with the state treasurer for the purpose of securing depositors and creditors; it fixed the number and qualifications of directors and imposed penalties for fraud and embezzlement, it regulated investments of the corporation, and provided for complete supervision by the state banking department. Many of the regulations imposed could not be complied with by a national bank.
 We cannot agree with the contention of counsel for respondent that relators must point to a specific prohibitory law — a law absolutely forbidding national banks to engage in the activity specified in section 11 (k). We believe that the Legislature, in the enactment of this so-called trust, deposit, and security statute, and clothing corporations organized thereunder with the powers therein defined, by unavoidable inference excluded all other corporations within the state from the exercise of those powers.
One might rely on section 223.105 as authority for offering general trust services to the public. Such reliance is misplaced.
This statute requires an organization (including "any corporation") which acts as a trustee or in a fiduciary capacity to *Page 156 
comply with the rules and regulations of the Office of the Commissioner of Banking and to subject itself to periodic examination by the Commissioner or another state financial regulator. This section does not itself empower any organization to act as a trustee or a fiduciary; it merely prescribes certain obligations upon an organization "which holds itself out" as providing such services. Sec. 223.105 (2), Stats. The power to act as a trustee or fiduciary must be found elsewhere, such as in section 223.12, empowering foreign trust companies to serve as trustees in Wisconsin and in section 221.04 (6), authorizing state banks to exercise trust powers. Section 223.105 cannot be read to generally empower all corporations to act as trust companies for such an interpretation would wholly nullify the comprehensive regulation prescribed by chapter 223.[1]
Having concluded that chapter 180 corporations cannot be trust companies, it should be noted, as section 223.105 itself recognizes, that under certain circumstances corporations can act in a fiduciary capacity, including as a trustee, and otherwise engage in activities related to trusts.
Section 223.025 provides for lower capitalization requirements for chapter 223 trust companies controlled by chapter 180 holding companies. Obviously, then, while a chapter 180 corporation cannot be a trust company it can be a holding *Page 157 
company for a trust company.[2] Section 180.04 (14) empowers a general business corporation "to be a promoter, partner, member, associate or manager of any . . . trust." Finally, a corporation has incidental powers such as are necessary or convenient to effect its corporate purposes. Sec. 180.04 (17), Stats. Thus, under appropriate circumstances, general business corporations are permitted to hold property in trust. This is not the same thing, however, as saying that they can be organized to and generally engage in the business of offering trust services to the public. That activity is reserved to trust company banks organized pursuant to chapter 223.
DJH:ESM
[1] The Legislative Reference Bureau's Analysis of 1975 Senate Bill 83, which became section 223.105, Stats., states "this bill permits any state corporation to act in [a fiduciary] capacity." But even if the drafter intended the statute to create power, rather than merely to regulate its exercise, as I have concluded section 223.105 to do, the extent of the power arguably created is to act as a fiduciary or a trustee on an ad hoc basis, such as pursuant to the issuance of letters by a court or probate registrar. Nothing in the legislative history supports the contention that this section — containing none of the capitalization, indemnification and regulatory protections of chapter 223 — is an invitation to business corporations to hold themselves out as trust companies.
[2] A chapter 180 corporation's power to be interested in a trust company is reflected in section 180.04(6) which provides that corporations may own stock in state trust companies. *Page 158