**STATE of Indiana ex rel. Linley E. PEARSON, Attorney General of Indiana, Relator,**

v.

**Eli W. GOULD, Respondent.**

**No. 581S122.**

Supreme Court of Indiana.

July 13, 1982.

Linley E. Pearson, Atty. Gen., Ronald D. Buckler, Deputy Atty. Gen., Indianapolis, for relator.

Ronald E. Elberger, Indianapolis, for respondent.

David W. Gotshall, Anderson, for amicus curiae Indiana Federation of Teachers.

Fred O. Towe, Indianapolis, for amicus curiae Indiana State Employees' Ass'n.

Richard J. Darko, Thomas M. Hinshaw, Indianapolis, for amicus curiae Indiana State Teachers Ass'n.

Jamie L. Weinberg, C. Chris Sautter, Bloomington, for amicus curiae Legal Services Organization of Indiana, Inc.

DeBRULER, Justice.

This is an original action brought by the Attorney General pursuant to the provisions of Ind.R.Adm. & Dis. 24 to restrain conduct alleged to constitute the unauthorized practice of law. A hearing on the petition was held before a commissioner appointed by the Court which resulted in findings of fact and a conclusion that respondent Gould engaged in the unauthorized practice of law in representing a complainant before the State Employees' Appeals Commission. Briefs by the Attorney General, respondent, and *Amicus Curiae* have been received, and oral argument held.

The statute, the State Personnel Act, pursuant to which the subject hearing was held creates a system of personnel administration in which all incidents of employment in the state service as defined are governed. The system is based upon "merit principles and scientific methods relating to appointment, compensation, promotion, transfer, lay-off, removal and discipline of employees." Ind.Code Ann. § 4–15–2–1. The state personnel board and director have the duty to classify positions, administer entrance and promotion tests, maintain eligibility, promotion and re-employment lists, and provide employee training. As part of this personnel system, a complaint procedure for employees is erected. An employee may formally complain "if his status of employment is involuntarily changed or if he deems conditions of employment to be unsatisfactory." Ind.Code Ann. § 4–15–2–35. The process commences with the immediate supervisor and may continue step by step through the intermediate supervisor, the appointing authority, the state personnel director, the state employees appeals commission (hereinafter commission), and finally binding arbitration.

The commission consists of five members, the qualifications for which are that they be "citizens of the state who are in sympathy with and have knowledge of the scientific application of merit principle to public employment with particular appreciation for fairly and impartially determining the validity of employee appeals or lack thereof". Ind.Code Ann. § 4–15–1.5–1 and 2 (since amended). If the resolution of the complaint is not in favor of the employee, the employee may seek an appeal to the commission, which is charged with the duty of conducting a public hearing "with the right to be represented and to present evidence". Ind.Code Ann. § 4–15–2–35. If the decision of the commission is not agreeable to the employee, the employee may elect to go further and submit the complaint to arbitration which is the last step in the complaint process.

The question before this Court is whether the conduct of one who represents an employee before the commission engages in the practice of law reserved exclusively to licensed lawyers. Respondent Gould, in his appearance on behalf of the employee Kiger, filed an appearance form and requests for issuance of subpoenas. At the hearing he presented evidence, and arguments and examined and cross-examined witnesses. Mr. Gould is not a member of the bar, but rather carries the designation of labor relations representative, and is an employee of the Indiana State Employees Association.

A person who gives legal advice to clients and transacts business for them in matters connected with the law is engaged in the practice of law. *Fink v. Peden*, (1938) 214 Ind. 584, 17 N.E.2d 95. The practice of law includes the preparation of legal instruments and contracts by which legal rights are secured although the matter may or may not be pending in a court. *Eley v. Miller*, (1893) 7 Ind.App. 529, 34 N.E. 836. The preparation and drafting of a will and the giving of advice as to the contents and legal effect of a will is the practice of law.

*State ex rel. Indiana State Bar Association v. Osborne,* (1961) 241 Ind. 375, 172 N.E.2d 434. Negotiating a settlement on behalf of a widow and children with a railroad on claim for death of deceased employee was the practice of law. *Fink v. Peden, supra.* In a more recent case, negotiating a settlement on behalf of an insured with his own insurance company of a disputed claim for loss or damages constituted the practice of law. *Professional Adjusters, Inc. v. Tandon,* (1982) Ind., 433 N.E.2d 779. However, the employment by a real estate broker or agent of standard forms of listing agreements, earnest money contracts, propositions, options, vendors' affidavits and contracts of sale; requiring only the use of common knowledge regarding the information to be inserted in blanks on them, and general knowledge regarding the legal consequences involved does not constitute the practice of law. *State ex rel. Indiana State Bar Association v. Indiana Real Estate Association,* (1963) 244 Ind. 214, 191 N.E.2d 711.

Unlike the cases previously considered by this Court, this case involves representation of another in an administrative hearing. Within confines of this hearing, and upon giving due regard to the character of the tribunal, the interests at stake, and the potential for ineptness in the representation to create a hazard for the public, we conclude that representing a complaining employee before the commission is not the practice of law. To be sure, at this hearing, as is the case in many places and situations in which the individual must assert self-interest in an atmosphere which can be dominated by opposition, the services of a lawyer will be most helpful. However, that cannot serve as the criterion in determining what is the practice of the law. Here, we see that the members of the commission are not required to have legal training. The use therefore of legal techniques and legal concepts would have a diminished impact. While the interests of the complaining employee may be considerable in terms of money and continued employment, the decision of the commission is an intermediate step in the process and not a final one. The

subject-matter of the rules, regulations and policies prescribed by the personnel board, the application of which form the crux of a hearing, concern what one might term broadly as personnel matters. As we see these hearings, in many instances the employee will be in a position to adequately present the basis for his complaint without resort to legal techniques or concepts, and to identify and rebut opposing viewpoints. Complaints permitted by the act may be based on any incident of employment ranging widely from aspects in working conditions to discharge. The focus of the investigation will frequently be on the working place and decisions being made there by supervisors.

We see this hearing as part of a process which takes place under one roof. It is limited to the state as an employer and those in state service. The rules involved are prescribed by the state. Salient events under investigation will for the most part occur during work time. The potential for detriment to the public from inept representation is much less than it would be, for example, where one is drafting wills and giving advice regarding their legal effect to members of the general public. Cf. *State ex rel. Indiana State Bar Association v. Osborne, supra.* At the heart of the State's contention that representation before the commission is the practice of law, stands the fact that the commission follows the judicial model in a general way in its hearings and its conclusion that a skilled lawyer would better protect the interests of the complainant. These are important elements in determining the question before this Court, but they are not dispositive. The judicial model has much in common with common sense efforts in the non-judicial world for obtaining information from persons through inquiry and questioning. The potential for dire consequences to complainants from representation and advice of those not skilled in law is, we believe, speculative.

We therefore conclude, contrary to the recommendation urged upon us by our commissioner, that the respondent, Eli W.

Gould, in representing persons before the State Employees Appeals Commission did not engage in the practice of law reserved to members of the bar of this Court, and order that relator take nothing by this original action.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.