**STATE ex rel. INDIANA STATE BAR ASSOCIATION, Relator,**

v.

**STATE BOARD OF TAX COMMISSIONERS, Respondent.**

No. 49S00–9810–OR–543.

Supreme Court of Indiana.

June 21, 1999.

Mitchell R. Heppenheimer, South Bend, Indiana, Margaret L. Smith, Steven C. Shockley, Sommer & Barnard, P.C., Indianapolis, Indiana, Attorneys for Indiana State Bar Association.

Jeffrey A. Modisett, Jon Laramore, Angela Mansfield, Office of Attorney General of

Indiana, Attorneys for State Board Association of Tax Commissioners.

John C. Erickson III, Johnson Smith Pence Densborn Wright & Heath, L.L.P., Indianapolis, Indiana, for amici curiae National Council of Property Taxation

Peter L. Obremskey, Kent M. Frandsen, Randolf G. Holt, Parr Richey Obremskey & Morton, Lebanon, Indiana, Richard L. Klein, Stacy E. Paradise, Gary D. Anderson, Willkie Farr & Gallagher, New York City, New York, Richard I. Miller, Virgil W. Webb III, Washington, D.C., for amici curiae Indiana CPA Society, Inc. and American Institute of CPAs, Inc.

PER CURIAM.

The Indiana State Bar Association ("ISBA") commenced this action by exercising the special standing it is granted under Admission and Discipline Rule 24. That rule allows either the ISBA or a duly authorized committee thereof to bring an original action seeking to restrain or enjoin the alleged unauthorized practice of law in this state. In this instance, the ISBA sought an order enjoining the respondent State Board of Tax Commissioners from promulgating a rule or otherwise allowing non-attorneys to represent taxpayers in appeals before the tax assessment board of appeals, the division of appeals, or before the State Board (collectively, "Board"). The Court issued an order directing the filing of a return, as anticipated by Admission and Discipline Rule 24.

The State Board filed its return and both parties filed additional materials. *Amicus* briefs on behalf of the National Council of Property Taxation, the Indiana CPA Society, Inc., and the American Institute of Certified Public Accountants were also permitted to be filed.

The Board's current rule on non-attorney representation is found at Ind. Admin. Code tit. 50, r. 4.2–1–7 (1996). Essentially, the current rule permits any person to represent taxpayers in proceedings before the Board. In 1997, the General Assembly directed the Board to promulgate rules regulating the practice of representatives in proceedings before it. P.L. 6–1997 § 105, *codified at* Ind. Code § 6–1.1–31–11 (1998). The Board published a draft rule in response to this directive. 21 Ind. Reg. 4241 (August 1, 1998).

Although the proposed rule established education and certification criteria for those persons who represent others in tax appeals, the rule still permitted non-attorneys to represent taxpayers in such proceedings. The ISBA then brought this action to enjoin the implementation of the proposed rule, asserting that representing taxpayers in appeal proceedings constitutes the practice of law.

The Court reached certain conclusions after its review of the briefs filed in this cause. First, the Court generally agreed, based on the record presented, that not all proceedings taking place before the Board are of such a nature that the taxpayer's representative must, of necessity, be practicing law. On the other hand, the Court also agreed that there are proceedings before the Board that are unquestionably legal in nature, which would require the taxpayer's representative to be an attorney.

Two conclusions flowed from these initial determinations. First, the Court would likely be unwilling completely to enjoin all non-attorney representation in proceedings before the Board. Second, any rule that allows representation of taxpayers by non-attorneys in proceedings before the Board without consideration of whether the representation involves the practice of law could not, in all likelihood, stand.

The Court issued an order expressing these preliminary conclusions. The order directed the ISBA and the Board to work together to develop proposed rules based thereon. The Court's intent in ordering this negotiation process was threefold. First, the Court sought to avoid undue interference with the rule-making authority granted the Board by the General Assembly. *See* Ind. Code chap. 6–1.1–31. Second, the Court hoped that the parties themselves, by sharing information, could identify and agree as to what activities constitute the practice of law before the Board and what activities do not. Finally, the Court hoped to promote, through cooperation rather than litigation, the promulgation of rules that would meet the legislative directive of Public Law 6–1997

§ 105 and at the same time address the potential problem of unauthorized practice of law in taxpayer appeals of concern to the ISBA and to the Court. The parties were to file a report to the Court advising it of the progress that was made at the end of an established negotiation period.

The ISBA and the Board have now filed a Joint Report as requested by the Court. The report and its appendix identify the results of the discussions that were held and the agreements that were reached. The Court was gratified to see that the negotiations were substantially successful in achieving the goals of the Court. The appendix to the Joint Report consists of a draft of revised proposed administrative rules specifically addressing the problem of unauthorized practice of law.

In brief summary, the proposed rules expressly prohibit non-attorneys from representing taxpayers in matters relating to real and personal property exemptions claimed on a Form 132 or Form 136; in matters in which an assessment is challenged as being illegal as a matter of law; and in matters regarding the constitutionality of an assessment. The proposed rules, as submitted, also expressly prohibit any other representation before the Board that involves the practice of law. The proposed rules also require non-attorney representatives to provide a written disclosure document to the taxpayer for signature, acknowledging that the representative is not an attorney, may not present legal arguments, and that any legal arguments not raised before the Board are waived for later review.

Despite the general accords that were reached, the parties disagree about what should happen next in the process. Both have filed separate memoranda expressing these differing views. The focus point of the remaining disputed matters is the acknowledged fact that at the outset of a proceeding before the Board, it is sometimes difficult to know whether issues of a legal nature will arise.

The Board asks that the Court dismiss this action, asserting that the proposed rules reasonably address the ISBA's concerns about potential unauthorized practice of law. The Board suggests that any problems in the operation of the rules, once adopted, can be best addressed on a case-by-case basis, if necessary. The ISBA opposes dismissal of the action. It asks the Court to consider requiring the Board to adopt even more stringent rules or, in the alternative, to appoint a commissioner to hear evidence and make further findings about the alleged unauthorized practice of law before the Board.

At this juncture, we are inclined to agree with the Board. Admission and Discipline Rule 24 itself states that in actions such as these, the party authorized to bring the action "shall charge specifically the acts constituting the unauthorized practice" of law. One of the problems in this case from the beginning has been the lack of any specifically charged acts. Indeed, the party the ISBA sought to enjoin was not an individual alleged to be practicing law without a license, but rather the rule-making state agency before which such practice was alleged to have occurred.

The ISBA recognizes this problem, and in support of its contention that we should continue to exercise jurisdiction over this cause, directs the Court to *State ex rel. Indiana Bar Association v. Ind. Real Estate Association,* 244 Ind. 214, 191 N.E.2d 711 (1963). In that case, the ISBA brought an action to enjoin what it considered to be the unlawful practice of law by *all* real estate brokers and salespersons in Indiana with regard to the use of standardized forms, and not just to stop an instance of unauthorized practice of law by a particular person or in a particular case. The ISBA asserts that if the Court was willing to entertain a general challenge to an entire class of persons in that case, it should do so here.

However, the Court in *Real Estate Association* addressed a question more concrete than that presented here. As the Court in *Real Estate Association* stated, "[T]he real question here at issue is whether the selection, completion, and use of standardized forms by brokers, in connection with real estate transactions for their clients, and here sought to be enjoined, is prohibited to them, as being the practice of law." 244 Ind. at

219, 191 N.E.2d at 714. The forms themselves were part of the record and the Court expressly identified which forms could be filled out by non-attorneys. 244 Ind. at 226, 191 N.E.2d at 717–18. Here, by contrast, the ISBA acknowledges the inability even to predict which proceedings before the Board may involve the practice of law. Further, as noted above, the ISBA's suit is not against any person or class of persons charged with the unlawful practice of law, but rather seeks to restrain or enjoin executive rule-making expressly authorized by the legislature. This case therefore raises questions of constitutional balance not present in the *Real Estate Association* case.

The proposed rules expressly prohibit the practice of law before the Board and identify specific types of issues and arguments that cannot be made by non-attorney taxpayer representatives. They create a procedure for ensuring the taxpayers themselves have been advised of the limits of non-attorney representation and for obtaining consent thereto. The Court is of the view that the parties, by working together, have developed proposed rules reasonably designed to address the interests of all concerned, and that the Court has reached the limits of what can be done at this level of abstraction.

Based on the presumption that the Board will move forward with the promulgation of the proposed rules, or rules essentially similar to those proposed, this cause is dismissed. We stress that the dismissal is without prejudice to the ISBA to commence a new action should the rules actually adopted substantially deviate from those the Court has reviewed, or should the ISBA seek to enjoin a person, persons, or entity from specific acts constituting the unauthorized practice of law before the Board.

All Justices concur.