**STATE ex rel. INDIANA STATE BAR ASSOCIATION, Appellant (Relator Below),**

v.

**M. Drew MILLER, Appellee (Respondent Below).**

No. 94S00–0001–MS–40.

Supreme Court of Indiana.

June 26, 2002.

Steven C. Shockley, Maggie L. Smith, Indianapolis, IN, Mitchell R. Heppenheimer, South Bend, IN, Attorneys for Appellant.

Jon R. Pactor, Amicus Curiae, National Council of Property Taxation, Alice McKenzie Morical, Indianapolis, IN, Attorney for Appellee.

BOEHM, Justice.

This case is an original action brought by the Indiana State Bar Association ("ISBA"), pursuant to Admission and Discipline Rule 24.[1] ISBA contends that in 1996 M. Drew Miller, who is not an attorney, engaged in the unauthorized practice of law when he represented a taxpayer in a property tax appeal before the State Board of Tax Commissioners. Since that time, the Board has promulgated rules that clearly distinguish the roles of a "tax representative" and an attorney. A "tax representative" is limited in the services he or she may perform before the Board, and those services do not include acts that by themselves constitute the practice of law. ISBA's requested relief is an injunction against Miller permanently enjoining him from representing taxpayers before the Board. Compliance with the new rules established by the Board will avoid unlicensed practice of law. For that reason,

---

1. Rule 24 states, in part: "Original actions ... to restrain or enjoin the unauthorized practice of law in this state may be brought in this court by ... the Indiana State Bar Association or any duly authorized committee thereof, without leave of court...."

ISBA's request for injunctive relief is denied without prejudice to ISBA's ability to renew its request in the event the Board's current rules are not followed.

For some time, the Board's rule on non-attorney representation essentially permitted any person to represent taxpayers in proceedings before the Board. Ind. Admin. Code tit. 50, r. 4.2–1–7 (1996). In 1997, the General Assembly directed the Board to promulgate rules regulating the practice of representatives in proceedings before it. Ind.Code § 6–1.1–31–11 (1998). The Board published a draft rule in response. Although the rule established educational and certification requirements, it still permitted non-attorneys to represent taxpayers in any aspect of a tax appeal before the Board. 21 Ind. Reg. 4241 (August 1, 1998). ISBA filed suit under Rule 24 to enjoin the implementation of the proposed rule, contending that representing taxpayers before the Board constituted the practice of law.

This Court dismissed the first suit on two grounds: (1) ISBA had not alleged specific acts constituting the unauthorized practice of law, as Rule 24 requires; and (2) the Board and ISBA had negotiated to develop a new set of rules that would expressly prohibit the practice of law before the Board. *State ex rel. Ind. State Bar Ass'n v. State Bd. of Tax Comm'rs,* 714 N.E.2d 128, 129 (Ind.1999). The dismissal was without prejudice to ISBA, and expressly provided that "ISBA [may] commence a new action should the rules actually adopted substantially deviate from those the Court has reviewed, or should the ISBA seek to enjoin a person, persons, or entity from specific acts constituting the unauthorized practice of law before the Board." *Id.* at 131.

ISBA filed a second petition under Rule 24 to enjoin Miller from engaging in the practice of law based on his 1996 representation of Hoogenboom–Nofziger, a real estate development company, in an appeal before the Board. On September 19, 2000, this Court appointed the Honorable Charles O'Connor, Judge of the Shelby Circuit Court, as Commissioner to conduct a fact-finding hearing. On August 28, 2001, Judge O'Connor issued his findings of fact. The case is now before this Court for resolution.

On July 11, 1992, Hoogenboom contracted with Landmark Appraisals, Inc. to challenge the assessed valuation of several of its properties. The contract provided that Landmark would research, examine, and evaluate the properties to determine whether the assessed value was excessive and, if so, seek a reduction where such an attempt was warranted. Landmark was to be compensated in the amount of fifty percent of any tax savings.

Miller is the sole shareholder in Landmark and carried the title of "Valuation Director" for Landmark. He holds a Bachelor of Arts degree from Anderson College, where he majored in accounting and business management. In 1997, he received Level I Indiana Assessor–Appraiser certification from the Board and, in 1998, received Level II certification. He has taken several appraisal courses through the American Society of Appraisers, and has been certified in real property/ad valorem [2] appraisals, which measure a property's market value. Miller is not an attorney and has never held himself out as such. He is not trained in interpreting or applying statutes or case law, nor is he trained in identifying, gathering, or intro-

---

**2.** An ad valorem tax is "[a] tax imposed proportionally on the value of something ..., rather than on its quantity or some other measure." Black's Law Dictionary 1469 (7th ed.1999).

ducing admissible evidence, in examining or cross-examining witnesses, or in applying techniques of advocacy in adversarial proceedings.

In May 1996, Miller, acting for Landmark, represented Hoogenboom before the Board, challenging the township assessor's valuation for an office building owned by Hoogenboom. The assessor assigned the property a grade of C–1, an obsolescence depreciation factor of zero percent, and a physical depreciation factor of twenty-five percent. The county board of review upheld the assessment. To prepare for the appeal hearing before the Board, Miller inspected the property, reviewed the county board of review's determination and Board regulations, spoke with a Hoogenboom representative, and compiled an Assessment Review and Analysis containing the evidence Miller intended to present.

Miller's arguments before the Board contained four separate challenges to the assessment: (1) a constitutional challenge based on Article X, Section 1 of the Indiana Constitution; (2) a challenge that the obsolescence depreciation factor was too low; (3) a challenge that the grade of C–1 was improperly assigned to the property; and (4) a challenge that the physical depreciation factor was too low. We agree that the first challenge clearly involved questions of law. ISBA contends the remaining three issues also required the analysis of case law because Board regulations did not fully explain the evidence necessary to prove those factors and interpretation of Indiana Tax Court opinions was required. The Board ultimately rejected all of Miller's arguments and determined that the assessment was correct. Hoogenboom attempted to appeal the Board's determination to the Tax Court, but that appeal proved unsuccessful in part due to Miller's failure to place certain responses to interrogatories into the record at the Board hearing. *Hoogenboom–Nofziger v. State Bd. of Tax Comm'rs*, 715 N.E.2d 1018, 1023 n. 2 (Ind. Tax Ct.1999).

ISBA contends that Miller's conduct amounted to the practice of law, and we are inclined to agree, at least as to the constitutional claim and where the preservation of issues for appeal was at stake. We are not convinced that turning to court opinions to answer the questions of what constitutes obsolescence or depreciation, for example, constitutes the practice of law. Many non-lawyers are as qualified, if not more so, than most lawyers in the understanding of those terms. Even if a court opinion has elucidated those terms, their use does not necessarily constitute practicing law. *Cf. State ex rel. Pearson v. Gould*, 437 N.E.2d 41, 43 (Ind.1982) (representation requiring only the use of general knowledge regarding the legal consequences involved does not constitute the practice of law). In any event, as Hoogenboom's failed appeal in the Tax Court demonstrated, to adequately represent Hoogenboom, Miller was required to perform tasks amounting to the practice of law.

Although the Board's rules that were proposed after ISBA's initial attempt to enjoin non-attorneys from practicing before the Board were not in effect as of the Hoogenboom appeal, they are now in effect. *See* I.A.C. 50–15–5 (2001). I.A.C. 50–15–5–5 defines a "tax representative" as "a person who represents another person at a proceeding before the property tax assessment board of appeals, the division of appeals, or the Board." Attorneys are explicitly exempted from that definition and may provide a full range of services before those bodies. "Tax representatives," however, must be certified by the Board, and may not practice before the Board in:

(1) matters relating to real and personal property exemptions claimed on a Form

132 or 136 [exemptions for property used for educational, fraternal, literary, charitable or scientific purposes];

(2) claims that assessments or taxes are "illegal as a matter of law" . . . ;

(3) claims regarding the constitutionality of an assessment; or

(4) any other representation that involves the practice of law.

IAC 50–15–5–2. "Tax representatives" must meet certain training requirements, which include being a certified Level II assessor-appraiser and completing educational course requirements of all rules adopted by the Board related to procedures for practice. *Id.* Additionally, "tax representatives" must inform their prospective clients in writing that they are not attorneys, may not present legal arguments, and may not address legal issues relating to the assessment. IAC 50–15–5–5. They must also disclose that legal issues, if not raised properly before the property tax assessment board of appeals, may not be raised at a later stage. *Id.* The disclosure must be signed by the prospective client. *Id.*

These regulations appear to address ISBA's concerns about Miller's 1996 representation of Hoogenboom. We noted in ISBA's earlier challenge to non-attorney practice before the Board that "[t]he Court is of the view that the parties, by working together, have developed proposed rules reasonably designed to address the interests of all concerned." 714 N.E.2d at 131. With those proposed rules taking effect last year, our view has not changed. We have no reason to believe Miller will not comply with the Board's rules. Nor can we assume that the Board itself will take no action if it finds nonconforming representation. Accordingly, although we agree with ISBA that Miller's 1996 representation of Hoogenboom encompassed several aspects of the practice of law, we do not agree that enjoining Miller from practicing before the Board in the future is appropriate.

This cause is dismissed without prejudice.

RUCKER, J., concurs.

SULLIVAN, J., concurs in result, believing that petitioner's complaint seeking injunctive relief should have been dismissed at the outset of these proceedings as failing to state a claim upon which relief can be granted.

SHEPARD, C.J., dissents with separate opinion in which DICKSON, J., concurs.

SHEPARD, Chief Justice, dissenting.

Like Judge Charles O'Connor, who acted as our hearing officer in this matter, the Court declares itself satisfied that respondent M. Drew Miller practiced law without a license.

I agree. Miller used, or attempted to use, all the tools of the legal profession to represent a client before a state adjudicative body. He deployed regulations and appellate court case law; he tendered evidence and made legal argument about it; he even presented state constitutional claims.

Miller's decision to practice law without a license was not a victimless crime. By the time the client's appeal reached the Indiana Tax Court, it became apparent that the client's interests had been damaged because Miller had failed to do for the client the things most licensed lawyers would have done. *Hoogenboom–Nofziger v. Bd. of Tax Comm'rs,* 715 N.E.2d 1018, 1023 n. 3, 1024 n. 4 (Ind.Tax 1999) (describing points lost to client by Miller's representation). As the Court says, the client's appeal "proved unsuccessful in part due to Miller's failure . . . ." Op. at 330.

In spite of all this, the Court renders judgment in favor of Miller. It does so because the Board has new rules governing what non-lawyers may do and because "[w]e have no reason to believe Miller will not comply with the Board's rules." Op. at 331.

I see little basis for this confidence, inasmuch as Miller stands before us today firmly asserting that he has never done anything remotely constituting the practice of law and demanding that fees be imposed on the Indiana State Bar Association for suggesting that he has. Someone who refuses to recognize his violation is not a plausible risk for future compliance, especially when he has been prosecuted once before, found guilty, and let off scot-free.

DICKSON, J., concurs.