PETITIONER APPEARING PRO SE:
**ERIC GROSSMAN**
Lafayette, IN

RESPONDENTS:
**TERRY S. & JANE C. STEWART TTEES**
West Lafayette, IN

# IN THE
# INDIANA TAX COURT

TIPPECANOE COUNTY ASSESSOR,    )
                               )
    Petitioner,                )
                               )
      v.                    )  Case No. 25T-TA-00012
                               )
TERRY S. & JANE C. STEWART TTEES,    )
                               )
    Respondents.               )

FILED

Oct 17 2025, 4:05 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ON APPEAL FROM
THE INDIANA BOARD OF TAX REVIEW

**NOT FOR PUBLICATION**
**October 17, 2025**

MCADAM, J.

The Tippecanoe County Assessor, Eric Grossman, filed an original tax appeal in this Court without counsel. In his appeal petition, Grossman challenges the denial of a continuance by the Indiana Board of Tax Review as biased and raises constitutional claims related to Petitioner's "constitutional rights to due process and fair assessments." (Pet. ¶1.)  Grossman is not a licensed attorney and appears to have filed this appeal in his official capacity. In an order dated August 1, 2025, the Court *sua sponte* raised the issue of whether the Tippecanoe County Assessor may appear without counsel in this appeal and whether Grossman, as the elected official, may represent the county assessor's office. The Court ordered Petitioner either to notify the Court of its intent to

obtain legal counsel or file a brief explaining why Grossman, as the elected assessor, may represent Petitioner in this Court. Grossman filed a brief contending that he, as the elected assessor, is authorized to represent the Tippecanoe County Assessor's Office. The Respondents did not file any response by the September 30, 2025, deadline. After reviewing the matter, the Court concludes that Petitioner must be represented by counsel because Grossman is not authorized to represent Petitioner and has not cited any authority that would permit him, as a non-attorney, to represent Petitioner.

**No Statute Authorizes Grossman to Represent His Office in the Indiana Tax Court**

The Court solicited authority from Grossman for his claim that a county assessor may represent his office in this Court, and Grossman identified two statutes in response: Indiana Code sections 33-26-7-1 and 6-1.1-35.7-2. Both statutes relate to representation of the county assessor's office, but neither permit an elected assessor like Grossman to represent his office in Tax Court.

When reviewing statutory language, an unambiguous statute must be held to mean what it plainly expresses, and its plain and obvious meaning may not be enlarged or restricted. *Indiana Dep't of State Revenue v. Horizon Bancorp*, 644 N.E.2d 870, 872 (Ind. 1994). Interpretation is only necessary when the statute is ambiguous. *Id.* When interpretation is required, this Court relies on the plain and ordinary meaning of each word unless the statute indicates otherwise. *Covance Cent. Lab'y Servs. LP v. Indiana Dep't of State Revenue*, 204 N.E.3d 348, 355 (Ind. Tax Ct. 2023). When reading unambiguous statutes or when interpreting statutes, the "rules of statutory construction caution against expanding or contracting statutory language beyond its plain meaning." *Gilday & Assocs., P.C. v. Marion Cnty. Assessor*, 236 N.E.3d 1160, 1169 (Ind. Tax

2

Ct. 2024).

Grossman reads the permissive "may elect" language found in subsection (a) of Indiana Code section 33-26-7-1 as allowing a county assessor to choose to represent his own office in Tax Court, but this reading ignores the obvious dichotomy established by the statute. Indiana Code section 33-26-7-1 contains two subsections which establish a choice of representation for local officials appearing before this Court. Subsection (a) provides that a county assessor "may elect" to hire and pay for his own attorney in a proceeding before this Court. IND. CODE § 33-26-7-1(a) (2025). Subsection (b) offers an alternative, stating that a county assessor "may elect to be represented by the office of the attorney general under a written agreement." I.C. § 33-26-7-1(b). The parallel use of "may elect" across the subsections indicates a choice between representation by a private attorney and representation by the Attorney General's Office, not a choice between representation and no representation.

Nonetheless, even if Indiana Code section 33-26-7-1 allowed a county assessor to represent his office in Tax Court, the statute does not apply in this appeal. Indiana Code section 33-26-7-1 only applies when the county assessor "is a defendant in a judicial proceeding in the tax court." I.C. § 33-26-7-1(a)(2). Because Grossman filed an original tax appeal in this case, he is not the defendant, and Indiana Code section 33-26-7-1 does not apply. This Court will not expand the application of this statute.

Grossman also points to Indiana Code section 6-1.1-35.7-2 as support for his ability to represent the county assessor's office in this Court but again attempts to expand a statute beyond its unambiguous meaning. Indiana Code section 6-1.1-35.7-2 defines "tax representative" for proceedings before a county property tax assessment

3

board of appeals (PTABOA) and the Department of Local Government Finance (DLGF) and excludes certain individuals from that definition. I.C. § 6-1.1-35.7-2. County assessors are not included in the definition of tax representative, and the statute specifically excludes "a representative of a local unit of government appearing on behalf of the unit." I.C. § 6-1.1-35.7-2(4). According to Grossman, this demonstrates a legislative intent to allow non-attorney county assessors to represent their offices in tax matters. But the plain language of the statute limits its application to proceedings before PTABOAs and the DLGF. There is no justification for expanding its application to Tax Court proceedings.

Even a generous reading of Grossman's argument regarding Indiana Code section 6-1.1-35.7-2 fails because exclusion from the definition of tax representative does not entitle a person to represent others before this Court. The definition of tax representative also excludes "a permanent full-time employee of the owner of the property . . . who is the subject of the appeal." I.C. § 6-1.1-35.7-2(3). Nonetheless, corporations, partnerships, and LLCs are generally required to be represented by counsel before Indiana courts, absent an exception. I.C. § 34-9-1-1. Just as full-time employees of other organizations are excluded from the definition of tax representative but are generally not permitted to represent their organizations before Indiana courts, county assessors are not authorized to represent their offices before this Court simply because they are excluded from the definition of tax representative for PTABOA and DLGF proceedings.

In fact, the Indiana Supreme Court's decision in *State ex rel. Ind. State Bar Ass'n v. Miller* highlights that constitutional arguments like the one Grossman raises in his

petition are meaningfully distinct from valuation arguments which a tax representative may make before the PTABOA or IBTR. 770 N.E.2d 328, 330 (Ind. 2002). In *Miller*, the Indiana Supreme Court addressed whether a non-attorney should be enjoined from representing others before the State Board of Tax Commissioners, as it then existed. *Id.* at 329. The Court acknowledged that non-attorneys may be even more qualified than attorneys to understand the property tax assessment process and, in doing so, that they may examine "court opinions to answer the questions of what constitutes obsolescence or depreciation." *Id.* at 330. Nonetheless, the Court also noted that a non-attorney's expertise in the assessment process does not make them qualified in the practice of law, specifically referencing constitutional claims as a type of issue that qualifies as legal practice. *Id.* Although the Court did not enjoin the non-attorney from representing others before the Board, it reached this conclusion only because the Board implemented new rules that prohibited tax representatives from presenting legal arguments, including constitutional arguments, or addressing legal issues related to the assessment. *Id.* at 331. Some of Grossman's claims appear to be constitutional in nature and clearly constitute the practice of law. As the Supreme Court noted in *Miller*, there is difference between the scope of work performed by non-attorneys, like tax representatives, and the work performed by attorneys. Indiana Code section 6-1.1-35.7-2 does nothing to alter that allocation of responsibility.

### The Indiana Supreme Court Has Not Authorized an Assessor to Represent His Office in the Indiana Tax Court

Even without statutory support, Grossman believes that an assessor's tax expertise and "inherent authority" should allow him to represent his office in Tax Court. But Grossman fails to recognize that the Indiana Supreme Court has the authority to

5

determine who may practice law in this state, including who may represent another in judicial proceedings. When exercising that authority, the Supreme Court has been clear and explicit; it has not made any provision allowing a county assessor to represent his office.

The Indiana Supreme Court has "the inherent jurisdiction to determine who are qualified as attorneys to practice law in this state. This is a judicial function, separate from that of either the executive or legislative departments." *State ex rel. Ind. State Bar Ass'n v. Moritz*, 191 N.E.2d 21, 23 (Ind. 1963). The Indiana Supreme Court has long recognized that the "performing of services in a court of justice" constitutes the practice of law. *State ex rel. Disciplinary Comm'n v. Crofts*, 500 N.E.2d 753, 754 (Ind. 1986) (quoting *Fink v. Peden*, 17 N.E.2d 95, 96 (Ind. 1938)). If a statute conflicts with the rules adopted by the Indiana Supreme Court governing the qualifications for admissions and practice of law, then the Court's "rules must take precedence and the conflicting phrases within that statute must be deemed without force or effect." *State ex. rel. Western Parks v. Bartholomew Cnty. Ct.*, 383 N.E.2d 290, 292 (Ind. 1978).

Generally, only a licensed attorney may represent someone other than himself in court. "[W]hile any natural person may appear in court on his or her own behalf, only persons duly admitted to practice law may appear on behalf of other persons. This rule is well recognized." *Simmons v. Carter*, 576 N.E.2d 1278, 1279 (Ind. Ct. App. 1991). Corporations, for instance, generally must be represented by counsel before Indiana courts because they "cannot be wholly identified with any individual person and thus, by necessity, must be represented by its agents." *Western Parks*, 383 N.E.2d at 292. Like corporations, the county assessor's office represents the entire county—its citizens and

6

its units of government—and cannot be wholly identified with the elected assessor. A loss by the assessor affects the interests of the entire county, not just the interests of the assessor personally.

In instances when the Indiana Supreme Court permits non-attorneys to appear on behalf of others in Indiana courts, it does so clearly and explicitly. For example, Indiana Small Claims Rule 8 provides an exception to the general rule that corporations and other business entities be represented by an attorney. *See* Ind. Small Claims Rule 8. In a small claims hearing, sole proprietorships and partnerships "may be represented by the sole proprietor or partner, owner, counsel, or by a designated full-time employee" and "[a]ll corporate entities, Limited Liability Companies (LLC's), and Limited Liability Partnerships (LLP's), and Trusts may be represented by counsel, owner, or by a designated full-time employee of the corporate entity, or, in the case of a trust by a trustee." Ind. Small Claims Rule 8(C)(2)–(3). Indiana Small Claims Rule 8 specifies when the rule applies, what organizations may use it, and who may represent those organizations. *See* Ind. Small Claims Rule 8(A), 8(C).

Here, however, Grossman has not identified any judicial rule that would permit him to represent his office in this case. Instead of identifying judicial rules or supporting case law, Grossman argues that he is entitled to represent the county assessor's office because, as an elected official, he retains the inherent authority to represent his office. However, being an elected official with statutory duties does not inherently allow him to represent his office in court. In fact, the Indiana Supreme Court has previously enjoined an elected prosecuting attorney who was never a member of the bar from practicing law despite the centrality of legal practice to the work of a prosecutor's office. *Moritz*, 191

7

N.E.2d at 24–25. Despite the statutory duties conferred upon them, prosecuting attorneys are not authorized to represent the State of Indiana when they have not been admitted to the Indiana bar. *See id.* The Court can discern no reason why a non-attorney, elected assessor should be subject to a different rule. To permit otherwise would be to permit a person who has not been duly admitted to the practice of law to appear on behalf of other persons.

The risks of allowing a non-attorney to represent others in court is made plainly apparent in Grossman's brief when he cites *Hamilton Cnty. Assessor v. Allisonville Rd. P'ship*, 170 N.E.3d 1117 (Ind. Tax Ct. 2021)—a case that does not exist. Courts have sanctioned both attorneys and *pro se* litigants for citing fictitious cases in briefs. *Williams v. Kirch*, --- N.E.3d ----, ----, 2025 WL 2383623, at *2 (Ind. Ct. App. Aug. 18, 2025); s*ee also In re Baby Boy*, --- N.E.3d ----, ----, 2025 WL 2046315, at *23 (Ill. App. Ct. July 21, 2025) (requiring an attorney who cited fictious cases in his briefs to pay monetary sanctions and sending a copy of the opinion to the Illinois Attorney Registration and Disciplinary Commission). False citations may also have negative effects on the outcome of a case. *See, e.g.*, *Kruse v. Karlen*, 692 S.W.3d 43, 52–53 (Mo. Ct. App. 2024) (determining that the appellant's use of fictitious citations in his brief mandated a dismissal of the appeal). Citing fictious cases adversely affects all parties in a case. *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023). It "wastes time and money in exposing the deception" and takes a court's time "from other important endeavors." *Id.* Moreover, "[t]he client may be deprived of arguments based on authentic judicial precedents." *Id.*[1]

---

[1] While the Court cannot be certain of the origin of the fictitious case cited in Grossman's brief, it appears likely to be the result of a hallucination by generative artificial intelligence. *See*

**The Tippecanoe County Assessor May Not Appear Without Counsel**

After reviewing the issue, this Court has determined that Petitioner may not appear without counsel in this appeal but may take steps to hire counsel before the appeal is dismissed. This Court has held that "while an appeal initiated by a non-attorney on a corporation's behalf is procedurally defective, the defect is curable." *Wireless Advocs., LLC v. Indiana Dep't of State Revenue*, 973 N.E.2d 111, 113 (Ind. Tax Ct. 2012) (*citing Sherry Designs, Inc. v. State Bd. of Tax Comm'rs*, 589 N.E.2d 285, 285 n.1 (Ind. Tax Ct. 1992)). Likewise, when a corporation attempts to prosecute or defend its case *pro se*, "Indiana courts generally have given the corporation an opportunity to retain counsel, which the corporation must refuse before dismissing the action." *Id.* at 112 (citing *Western Parks*, 383 N.E.2d at 292–93). Petitioner shall therefore be given an opportunity to retain counsel.

---

*Williams*, --- N.E.3d at ----, 2025 WL 2383623, at *2. The Court admonishes Grossman for citing a fictitious case in his brief and "caution[s] attorneys and pro se litigants alike against using AI to conduct legal research without independently verifying the citations generated. Judges must be able to rely on the authenticity of the authorities cited by the parties to make just decisions." *Id.* Litigants have a duty to verify the authenticity of authoritative sources cited to the Court and ensure they are used accurately.

Therefore, the Court ORDERS that Petitioner may only proceed with legal counsel and that Petitioner's counsel must file a notice of appearance by November 17, 2025. If Petitioner is unable to obtain counsel by this date, Petitioner shall file a notice with the Court by the same date detailing the efforts to retain counsel and explaining why those efforts have been unsuccessful. If Petitioner fails or is unwilling to appear by counsel, the case may be dismissed.

ORDERED: 10/17/2025

Justin L. McAdam
Judge, Indiana Tax Court

Distribution:
Eric Grossman, Terry S. & Jane C. Stewart TTEES